## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRIN NEUER,               )
                                   )
                Plaintiff,     )
                                   )
                                   ) Civil Action No.: 1:17-cv-01547-CCC
      v.                       )
                                   )
THOMAS J. ARTHUR and BILLMAN ) Hon. Christopher Conner
TRUCKING, INC.,           )
                                   )
                                   )
               Defendants.   )

## PLAINTIFF'S MOTION TO REMAND

Plaintiff, Darrin Neuer, through his attorneys, Mette, Evans & Woodside, moves for an Order to remand to state court and in support avers as follows:

1.    Plaintiff initiated this action by filing of Praecipe for Writ of Summons, which Writ of Summons was issued by the Cumberland County Court of Common Pleas on July 27, 2017 at Cumberland CCP No. 2017-07617. See Exhibit "A".

2.    The Writ of Summons was served on Defendant Thomas J. Arthur via certified and regular mail date of delivery not known and Defendant Billman Trucking, Inc. via certified and regular mail on July 31, 2017. See Exhibit "B".

3.     On August 29, 2017, Defendants, through their counsel, Yost &

Tretta, filed a Notice of Removal to the Middle District of Pennsylvania at Civil

Action No.: 1:17-cv-01547-CCC.  See Exhibit "C":

4.     The parties submitted a Joint Case Management Plan and a Case

Management Conference was held before the Honorable Christopher Conner on

October 10, 2017.

5.     Removal to Federal Court is governed by 28 U.S.C. §1441, which sets

forth which actions may be removed.

6.     The general rule for removal jurisdiction under 28 U.S.C. §1441(a) is:

> Except as otherwise expressly provided by Act of Congress, any civil
> action brought in a State court **of which the district courts of the
> United States have original jurisdiction**, may be removed by the
> defendant or the defendants, to the district court of the United States
> for the district and division embracing the place which such action is
> pending.

See 28 U.S.C. §1441(a)(emphasis added).

7.     Defendants seeking to remove a state action to federal court must

comply with the statutory requirements of 28 U.S.C.§1446.

8.     In doing so, Defendants bear the burden of showing that they have

met the subject statutory requirements.

9.     Defendants seeking to remove the matter "[bear] the burden of

establishing removal jurisdiction and compliance with all pertinent procedural

requirements." McGuire v. Safeware, Inc. 2013 U.S.Dist. LEXIS 133274, 3-4

(E.D. Pa. 2013) (quoting <u>Winnick v. Pratt,</u> No. Civ.A.03-1612, 2003 U.S. Dist.

LEXIS 8523, 2003 WL 21204467, at *2 (E.D. Pas May 20, 2003) (citing <u>Boyer v.</u>

<u>Snap-On-Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990)); see also <u>Palmer v. Univ.</u>

<u>of Med. and Dentistry of N.J.</u>, 605 F. Supp. 2d 624, (D.N.J. 2009) ("A party

opposing remand must show that removal was proper.")).

10.    Furthermore, "it is always the removing party's burden to prove the

propriety of removal, and any doubts about the existence of federal jurisdiction

must be resolved in favor of remand." <u>McGuire</u>, 2013 U.S. Dist. LEXIS 133274 at

6 (E.D. Pa. 2013) (emphasis added) (quoting <u>Lumbermans Mut. Cas. Co. v.</u>

<u>Fishman</u>, No. Civ.A.99-929, 1999 WL 744016 at *1 (E.D. Pa. Sep. 22, 1999);

citing <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir. 1992);  see <u>Boyer</u>,

913 F.2d at 111 (The removal statutes "are to be strictly construed against removal

and all doubts should be resolved in favor of remand.") (quoting <u>Steel Valley Auth.</u>

<u>v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987)).

11.    Pursuant to 28 U.S.C. §1446(b), a case must be removed within 30

days of a defendant's receipt of the initial pleading or, if the case stated by the

initial pleading is not removable, within 30 days of a defendant's receipt of another

paper from which it may be ascertained that the case is removable. 28

U.S.C.§1446(b).  Although this section does not define "initial pleading." in <u>Foster</u>

<u>v. Mutual Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 49 (3d Cir. 1993), the Third

Circuit held that when a writ of summons, a praecipe, or a complaint provides a defendant with adequate notice of federal jurisdiction, the thirty-day removal period is triggered. Foster calls for an inquiry within the "four corners" of the pleadings examining "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Id.* At 53.

12.    In this case, neither the Writ of Summons nor the Praecipe state any monetary amount which plaintiff seeks to recover.  Moreover, there are no factual allegations in these papers that would permit this Court to draw the conclusion that plaintiff can recover the jurisdictional amount of $75,000.  Specific allegations of amount in controversy and citizenship are required for removal under 28 U.S.C.§1332(a).  ICIPA S.R.L. v. Learjet, Inc., No. 97-2725, slip. Op. at 4 (E.D.Pa July 9, 1997).  Because the Writ of Summons and Praecipe do not contain a monetary claim, or facts upon which the monetary value of the case can be adduced, defendants cannot establish that this Court would have subject matter jurisdiction, i.e., that this Court can exercise jurisdiction over this case on the basis of diversity of citizenship.

13.    28 U.S.C.A. §1332 provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000..."

4

14.     Remand to the state court is appropriate when a defect exists with respect to the removal process. 28 U.S.C.A. §1447; <u>PAS v. Travelers Ins. Co.</u>, 7 F.3d 349, 352, (3d Cir.1993).

15.     28 U.S.C.A. §1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

16.     Defendants' Notice of Removal states that the amount of controversy is, through information and belief, in excess of $75,000.00

17.     Defendants' "information and belief" is insufficient to support Defendant's Notice of Removal to this Court.

18.     A copy of the instant Motion was provided to John M. Campbell, Enquire, via email on January 23, 2018, and Defendant have confirmed their consent to this motion.

WHEREFORE, Plaintiff, Darrin Neuer, respectfully requests that this Honorable Court enter an Order remanding this matter to the Cumberland County Court of Common Pleas.

Dated:     January 30, 2018             _____/S/_____

Thomas A. Archer, Esquire
Mette Evans & Woodside
3401 North Front Street
Harrisburg, Pa 17110
(717) 232-5000

5

Attorney for Plaintiff
ECF User

1181853v1